No. 37.—SOLOMON G. BECKHAM, plaintiff in error, *vs.* ELIZUR NEWTON, defendant in error.

[1.] Injunction dissolved when answer denies the equity of the bill.

[2.] Notwithstanding an irregular sale and even an illegal one by administrators, a party of full age may so ratify it by acquiescence as to make it binding and effectual.

[3.] There is equity enough in a bill to sustain it, which states an irregular sale an acquiescence in it by the party whose interest is effected by it.

*In Equity,* in Calhoun Superior Court. Tried before Judge POWERS, November Term, 1856.

This bill was filed by Solomon G. Beckham, complainant against Elizur Newton defendant.

The complainant alleges that on the —— day of —— 18—, he purchased lot of land No. 229, in the 4th district of Calhoun county, from the heirs at law of Burwell Russell, for valuable consideration. That he received from his vendors, as his chain of title, a grant from the State to George Irving, and the deed of Loring Irving, administrator of said George Irving, deceased, to the said Burwell Russell, dated 29th November, 1825. That said Russell died without having disposed of said lands, and the complainant bought the same from his heirs at law as above stated, for the sum of fifteen hundred dollars.

That Elizur Newton, of the county of Clark, has commenced his action of ejection against complainant for said land, claiming under a title from Elizabeth O'Neal, the heir at law of said George Irving, who has been of age some twenty-five years, and alleging, as complainant is informed, that title to said land was not legally divested by the deed of the administrator of said George Irving to Burwell Russell.

Complainant further alleges that the following are the facts, as he has been recently informed, in relation to the sale of said land to said Burwell Russell. Upon the death of said George Irving, Loring Irving and Burwell Russell

became his administrators, and the said lot of land agreeably to an order of the Court of Ordinary of Morgan county, was sold at public out cry to the highest bidder, and that Burwell Russell became the purchaser; paid the purchase money and took titles from his co-administrator and held the same till his death, and the said Loring Irving, co-administrator, accounted with the heirs at law for the same, and that Elizabeth received the same, acquiesced in said sale till after Russell's death, and would yet have been satisfied, but for the intermeddling of Newton. That at the time complainant purchased said land, he had no knowledge of the above facts nor had any notice of Newton's claim. That administration of said George Irving's estate has been closed more than thirty years, and that said Elizabeth has received and receipted for her share of the same. That said Newton, at the time of his purchase from said Elizabeth, had notice of the title of said Burwell Russell, as well as of the facts in relation thereto, as above stated. The bill prays that said Newton be enjoined from prosecuting his action of ejectment.

Newton answers the bill, and admits that he purchased said land from said Elizabeth O'Neal in December, 1849, and paid her for the same, the sum of one hundred and fifty dollars. That at the time of his purchase, he had no notice of any other claimant or title, and claims to be a *bona fide* purchaser for valuable consideration without notice. That he did afterwards hear of a claim by a man named Russell, and that he went down to Calhoun county to look after his lands and to take possession of the same. He went to Beckham's house and exhibited to him his titles, and rented said lot of land to him, and this was before Beckham's pretended purchase from the heirs of Russell, and that defendant did not commence his action of ejectment against Beckham until he ascertained that he was claiming the land as his own, and had repudiated his tenancy; knows nothing of the sale by administrators of George Irving; of the payment of the

Beckham vs. Newton.

purchase money to said Elizabeth O'Neal the heir at law, or of the settlement of said estate.

Upon the coming in of the answer, the Court dissolved the injunction and dismissed the Bill, and complainant excepted and assigns error.

SLAUGHTER, for plaintiff in error.

VASON, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

On the coming in of the answer of the respondent, a motion was submitted to the Court to dissolve the injunction and to dismiss the bill for want of equity. The Court dissolved the injunction and dismissed the bill, and on this judgment of the Court, error is assigned.

[1.] On examination of the answer of the defendant, we find that many of the charges of the bill are answered upon information and belief, and it is insisted by complainant's solicitor, that, on such an answer, an injunction will not be dissolved. That is true, and unless there is enough in the answer, sworn to positively, to displace complainant's equity, the injunction ought to be retained. It is not necessary to scrutinize the bill and answer very closely, to determine that there is enough in the answer to sustain the motion to dissolve the injunction. The bill alleges that, at the time complainant purchased the land of the heirs of Russell, he had no notice of the claim of the defendant Elizur Newton, or of Elizabeth O'Neal. This charge, the defendant most positively denies, and sets forth a lease or contract for the rent of the land by defendant to complainant; that defendant went to complainant's house and exhibited to him his title and complainant then proposed to purchase the land of him. He refused to sell because he had heard of the other claim, (that of the heirs of Russell.) According to the answer then, and on the motion to dissolve, it being in no manner contro-

verted, it must be taken as true, that complainant is the defendant's tenant of the land sued for, and he cannot enjoin the ejectment suit instituted for its recovery.

[2.] In considering the other branch of the motion, to dismiss the bill for want of equity, a different rule prevails, in respect to the facts to which we must apply the principles which control Courts of Chancery. The allegations of the bill are to be taken as true. By them it appears that complainant purchased the land from the heirs at law of Rurwell Russell, that he received their warranty deed of conveyance to the land and at the same time they delivered to him the grant from the State of Georgia to George Irving, and a warranty deed from Loring Irving as administrator of George Irving, deceased, conveying the same land to Burwell Russell; that Elizur Newton, the defendant, commenced an action of ejectment in the Superior Court of the county of Early against the complainant for the recovery of the land, claiming, as complainant is informed and believes, under a title from the heir at law of the said George Loring, deceased, to-wit: Elizabeth O'Neal, who has been of age some twenty-five years or more, alleging and claiming that the title to said land has never passed from the estate of George Loring, deceased; that she being the only heir at law, the right and title to the land was vested in her. The bill further alleges that he has lately, within the last few days, discovered the following to be the facts of the case, that is to say: at and after the death of the said George Irving, the said Loring Irving and Burwell Russell became administrators on the estate of said deceased, and the said land was sold, in accordance with an order from the Court of Ordinary of Morgan county, in terms of the law, having been put up and sold to the highest bidder; that Burwell Russell, one of the administrators, being the highest bidder, became the purchaser, paid the purchase money, took a title thereto, and held the same, and his heirs after his demise, until the said heirs sold the same to complainant on the —— day of —— 1853; that

the said Loring Irving, one of the administrators, received the purchase money of his co-administrator, the said Russell, and settled, and accounted with the said heir at law for the same, she receiving and *acquiescing* therein, until long after the death of the said Burwell Russell; and complainant believes would yet have been fully satisfied but for the intermeddling of the said Newton.  The bill further alleges that complainant, when he purchased the land of the said heirs at law of the said Russell, had no *notice* of the facts set forth relative to the sale and purchase of said Loring Irving and Burwell Bussell or of the claim of the said Elizabeth O'Neal, and that at that time he had no knowledge of any good outstanding title to said land, in any other person, other than from rumor, but supposed the same was *bona fide* in the said Burwell Russell and his heirs at law, as he found a title of record in the county of Early to the said Russell, recorded July 3d, 1826, and never heard that the land belonged to any other person.  The bill further alleges a full settlement of the estate, and that the administrators were dismissed from the said administration more than thirty years ago, and that the said Elizabeth O'Neal received and receipted for her portion of the said estate, and that she has not until recently put up any claim to the same, &c.

The bill is not as explicit as it might be in regard to the knowledge of Elizabeth O'Neal of the manner in which the land was disposed of by the administrators, and in respect to the actual payment to her of the consideration money of this land, yet enough is stated to show a palpable equity in the complainant.

[3.] The bill states the sale of the land under an order of the proper Court; the settlement of the estate; that letters dismissory were issued more than thirty years ago; that Elizabeth O'Neal, the only heir at law, had received and receipted for the whole of her portion of the estate, and had acquiesed in it all this time.  If she knew of the manner of sale, and settled in full, her long acquiescence in it ratifies it.  She

was clearly of full age.   It is unnecessary to remark on other equities that *may* belong to this case, and which will depend entirely on the proof that may be offered  to  sustain the bill or the answer.

The relations existing between the plaintiff and defendant may have something to do with settling their  equities ultimately.   Some of the allegations in  the bill  must be made more explicit and the prayer amended.

Judgment reversed.